UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:07 CR 166 |
| WYNELL GRAY, | ) | |
| Defendant. | ) | |

## O R D E R

Before the court are ten pretrial motions *in limine* filed by the government and five pretrial motions *in limine* filed by defendant. (DE ## 41, 65, 66, 69, 68; 79.) The parties are advised that all of these rulings are conditional, in order to avoid the difficulties discussed in the concurring and dissenting opinions in *Wilson v. Williams*, 182 F.3d 562 (7th Cir. 1999). It is incumbent upon the parties to renew their objections during the trial as appropriate, and, at any time that they believe that evidence precluded by this order might properly be admitted or that any evidence admitted by this order should be precluded, to approach the bench to bring that to the court's attention and seek relief from the rulings herein.

*1. Government's motion to prohibit argument or evidence designed to elicit jury nullification*

The Court of Appeals for the Seventh Circuit has held that it is improper for a defendant to encourage jury nullification. *See United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996). The government anticipates and seeks to exclude two types of jury nullification arguments that defendant may attempt to introduce – outrageous government conduct and defendant's family needs. Prosecutorial misconduct is not an

issue for the jury, *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987), and outrageous government conduct is not a viable theory of defense. *United States v. Boyd,* 55 F.3d 239, 24142 (7th Cir. 1995).

The government also argues that defendant cannot encourage jury nullification on the basis of her background. (DE # 41 at 3.) But as the government notes, it may be appropriate for defendant to introduce some evidence pertaining to her background. (*Id.*) Thus, it is enough for the court to rule that defendant cannot use this information for the purpose of encouraging jury nullification. Accordingly, the court **GRANTS** the government's motion to prohibit argument or evidence designed to elicit jury nullification. However, the court reserves for trial ruling on whether specific evidence of defendant's background is relevant to other material matters in the case and should therefore be allowed.

2. *Government's motion to preclude argument or testimony on the wisdom or fairness of government's plea agreement or charging decisions*

Defendant does not object to the government's motion to preclude argument or testimony on the wisdom or fairness of government's plea agreement or charging decision. (DE # 72 at 1.) However, defendant argues that she should be able to enter evidence of the charging and plea bargaining in order to show a witness's "bias or prejudice" under FEDERAL RULE OF EVIDENCE 408. RULE 408(b) allows evidence related to plea agreements for the purpose of proving a witness's prejudice or bias. Further defendant argues that she may enter a theory of defense based upon the guilt of another

2

party. (DE # 72 at 1) (citing *United States v. Oberle*, 136 F.3d 1414, 1422-23 (10th Cir. 1998).) Defendant may introduce a theory of defense based on guilt of another but the defense should be mindful of the fact that the jury's primary concern is defendant's guilt. *Id.* at 1423.

As part of its motion to preclude evidence about the penalties defendant faces, the government argues that defendant should not be allowed to address the specific penalties that Randy Suddoth, her alleged co-conspirator, faces or to enter his plea agreement into evidence. (DE # 65 at 4.) In support of this argument, the government cites to *Reagan*, 694 F.2d at 1080. In that case Seventh Circuit noted approvingly that the defendant's cooperating co-conspirator's plea agreement was placed before the jury and that he was questioned about the agreement and the sentence he received. *Id.* at 1078. The question before the court was only whether the government erred in not revealing the co-conspirator's sentence reduction. *Id. Reagan* also stated that the prosecution in that case erred by mentioning the sentence faced by the defendant, but that error was corrected by an instruction from the court. *Id.* at 1080. Thus *Reagan* does not support the government's contention that the plea agreement and testimony about the penalty faced by Randy Suddoth should be precluded. In fact, it supports the inclusion of the plea agreement and related testimony into evidence. *See also United States v. Knight*, 342 F.3d 697, 706 (7th Cir. 2003).

To the extent that the government argues that evidence of Suddoth's plea cannot be used to establish outrageous government conduct for the purpose of jury

nullification, that argument is already covered by the court's ruling on the government's motion to prohibit argument or evidence designed to elicit jury nullification.

The court **GRANTS** the government's motion to preclude argument or testimony on the wisdom or fairness of government's plea agreement or charging decision. Defendant may introduce evidence of the charging and plea agreement as evidence of bias or prejudice of a witness testifying at trial or as part of a theory of defense based upon guilt of another.

*3. Government's motion to exclude evidence or argument of selective prosecution*

The government states that it is making this motion in response to William Nash's inclusion in defendant's witness list. (DE # 79 at 2.) The government anticipates that the defense will offer his testimony in order to present evidence of selective prosecution. At this point, this argument is too abstract for the court to rule on. The court **RESERVES** ruling on this motion for trial.

*4. Government's motion to exclude out of court statements by defendant.*

The government does not point to any specific out of court statements that it wishes to have excluded. (DE # 79 at 2-3.) The court **GRANTS** this motion to the extent that no hearsay evidence that does not fit any of the hearsay exceptions will be admitted. The court reserves further ruling for trial as to whether specific out of court statements constitute impermissible hearsay.

*5. Government's motion to preclude defense from requesting discovery from witnesses or opposing counsel, moving the court for such discovery, or otherwise commenting on discovery matters in the presence of the jury*

The government argues that requests for or references to discovery in the presence of the jury should be prohibited because they may mislead the jury. *See Thompson v. Glenmeded Trust Co.*, 1996 WL 529693 (E.D. Pa. 1996). The court **GRANTS** the government's motion to preclude requests of discovery from witnesses or opposing counsel, moving the court for such discovery or otherwise commenting on discovery matters in the presence of the jury. Any necessary requests for or comments about discovery can be made outside of the jury's presence.

*6. Government's motion to preclude defense from introducing evidence, making argument, or otherwise mentioning the potential penalties faced by defendant if convicted*

The Seventh Circuit has held that "arguing punishment to a jury is taboo." *United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997); *United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial. Breach of this standard has often been grounds for reversal.") (quoting *United States v. Greer,* 620 F.2d 1383, 1384 (10th Cir.1980). As the government argues, the penalty faced by defendant is not relevant to a determination of her guilt or innocence. *See Shannon v. United States*, 114 S. Ct. 2419, 2224 (1994). Accordingly, the court **GRANTS** the government's motion to preclude the introduction of evidence, arguments, or other mention of the potential penalties faced by defendant if convicted. As discussed above, the court **DENIES** the

government's motion to prevent defendant from mentioning the potential penalties faced by Randy Suddoth or from attempting to offer into evidence his plea agreement.

*7. Government's motion to bar impeachment of witnesses with evidence of wrongdoing that does not involve dishonesty and is not otherwise admissible under Federal Rule of Evidence 609*

In this motion the government appears to be requesting that the court ensure that the parties adhere to FEDERAL RULES OF EVIDENCE 609 and 608. (DE # 65 at 4.) To the extent that is the government's request, that request is **GRANTED.** As defendant points out, the government has not pointed to any specific bad acts or prior convictions that it wishes to be precluded. The court reserves for trial ruling on whether any specific evidence should be allowed for impeachment pursuant to RULES 608 and 609.

*8. Government's motion to bar all evidence or argument concerning defendant's lawfulness or non-corrupt conduct, with the exception of reputation or opinion evidence*

The government requests that defendant be barred from offering any evidence of lawfulness or non-corrupt conduct with the exception of reputation or opinion evidence. Defendant may only offer evidence of good conduct that adheres to RULE 405. *See United States v. Candelaria-Silva*, 166 F.3d 19, 35 (1st Cir. 1999). If defendant testifies, she may also offer testimony on her character for truthfulness consistent with RULES 608(a) and 608(b). The court **GRANTS** this motion to the extent that all character evidence admitted will need to be allowable under RULES 405(a), 405(b), 608(a), or 608(b).

*9. Government's motion for admission into evidence of defendant's request for student loan deferrals during the years at issue in this case as intrinsic evidence*

The government argues that evidence of defendant's request for student loan deferrals should be admitted because it is relevant to defendant's motive. (DE # 72 at 2). Defendant argues that this evidence should be excluded because it has low probative value and would cause loss of efficiency by requiring the jury to attend to an "unrelated and complex matter." (DE # 72 at 2.)

At this time, the court agrees with the government. It appears that evidence of defendant's request for student loan deferrals could be probative of motive to commit health care fraud. *See United States v. Koen,* 982 F.2d 1101, 1116-17 (7th Cir. 1992) (finding that evidence of the defendant's indebtedness was probative of motive to commit current offense and did not result in unfair prejudice). Defendant argues that if this evidence is admitted, she will respond by offering other evidence related to finances. (DE # 72 at 3.) She argues that this would lead to confusion and distraction, causing a "trial within a trial." (*Id.*) The court does not find that this evidence is so confusing as to be misleading pursuant to RULE 403. Accordingly, the government's motion to admit evidence of defendant's request for student loan deferrals is **GRANTED.**

*10. Government's motion to disclose defendant's tax returns and tax return information during trial*

The government argues that defendant's tax returns should be admitted as

evidence of intent and motive to commit health care fraud. (DE # 66 at 1; DE # 70 at 2.) The government lays out a fairly comprehensive argument as to how defendant's financial situation as reflected in the tax returns provided a motive for her to commit the charged crime. (*Id.* 2-3.) Defendant argues that the tax returns are not relevant under RULE 401 because they are unrelated to the billing practices of either of the companies involved in the alleged fraud. (DE # 68 at 3.) She also argues that the tax information is complicated and confusing and will require a mini-trial on a collateral matter. (DE # 68 at 3.)

Defendant's tax returns appear to be relevant to motive and intent under RULE 401. *See United States v. Koen,* 982 F.2d at 1116-17. As with the student loan information, at this time the evidence related to the tax returns does not seem so confusing as to outweigh its probative value. Therefore, the court **GRANTS** the government's motion to disclose defendant's tax returns and tax information during the trial.

*11. Defendant's motion to exclude materials relating to defendant's personal taxes and students loan information*

This motion is **DENIED** as discussed above in the rulings on the government's two related motions.

*12. Defendant's motion to exclude marital communications between defendant and Lowell Gray and in-court testimony of Lowell Gray*

As defendant points out, two testimonial privileges may apply to Lowell Gray and to marital communications between Lowell Gray and defendant. (DE # 78 at 1.) The

first privilege, the marital testimonial privilege, can only be asserted by the testifying spouse and the parties must be married at the time of the trial. *Darif*, 446 F.3d at 707. This privilege extends to all testimony against a defendant-spouse. *United States v. Byrd*, 750 F.2d 585, 590 (7th Cir. 1984). The second privilege, the marital communications privilege can be asserted by either the testifying spouse or a the criminal defendant. *United States v. Darif*, 446 F.3d 701, 705 (7th Cir. 2006). It covers all confidential communications made during a valid marriage. (*Id.*) There are three exceptions to this privilege: 1) communications not made in absolute confidence; 2) statements made as part of a joint criminal enterprise; and 3) descriptions of observations. *United States v. Short*, 4 F.3d 475, 478 (7th Cir. 1993).

The parties agree that disclosures made to the IRS through tax filings are not confidential communications between the spouses. (DE # 78 at 2; DE # 70 at 2.) The government takes this one step further, arguing that because the tax disclosures state that defendant and Lowell Gray were sole shareholders of Gray Fitness, any communication regarding the ownership of Gray Fitness is not a privileged communication. (*Id.*) The government's argument would appear to mean that once a married couple discusses a topic with a third party, any confidential marital communications on that topic are not privileged. This appears to be taking the exception too far. The court agrees with defendant that some disclosures on a topic to a third party do not mean that the married couple intended for all confidential marital communications on that topic to be public information. (DE # 78 at 2). To show that a

9

communication is not subject to the marital communications privilege, the government will need to show that the specific communication was not made in absolute confidence.

Accordingly, the court **GRANTS** this motion to the extent that all testimony by Lowell Gray that fits into the marital communications privilege and that is not covered by an exception to these privileges is excluded. At trial, the government may seek to admit testimony pursuant to an exception to the marital communications privilege. Lowell Gray may also assert the marital testimonial privilege at trial.

13. *Defendant's motion to exclude materials relating to R&W Star Subs, Inc. and Gray Fitness, Inc.*

Defendant argues that materials relating to R&W Star Subs, Inc. and Gray Fitness, Inc. should be excluded because they are irrelevant to the issue of health care fraud and will delay the trial with "unnecessary analysis of unrelated business matters." (DE # 68 at 4.) However, the government lays out a theory as to how these materials may be relevant. (DE # 70 at 4.) The government explains that defendant has allegedly made representations that her involvement in the medical transportation businesses involved in alleged health care fraud ended in 2002. (Id.) However, in documents related to R&W Star Subs, Inc. and Gray Fitness, Inc., defendant made statements that indicate her continued involvement in the medical transportation businesses. (*Id.*) The government's argument shows that at least some of the materials related to R&W Star Subs, Inc. and Gray Fitness, Inc. are relevant to material issues in

this case.

Accordingly this motion is **DENIED.** At trial, defendant can raise any appropriate arguments that specific materials should be excluded as irrelevant or otherwise properly excluded under RULE 403.

14. *Defendant's motion to exclude references to defendant and Randy Suddoth as a legal entity and inferences that defendant shared the legal duties of Dovies Medicar Transportation Corporation or Lane Medical Transportation*

Defendant requests that the court exclude any references to defendant and Randy Suddoth as a legal entity and any inferences that defendant shared the legal duties of Dovies Medicar Transportation Corporation or Lane Transportation. Defendant argues that there is no evidence that she entered into a joint business with Suddoth and that any duties imposed on the transportation businesses were not imposed on her personally. (DE # 68 at 5.) Defendant argues that the corporation documents due not impose any legal business duties upon defendant. (DE # 78 at 2.) This is an argument that defendant can present to the jury. As an example of her lack of duties as part of the businesses, defendant argues that because she is not a registered officer of either company, she did not have a duty to maintain records for these companies. Even if that is true, it is possible that defendant had some other obligation, maybe as an employee, to maintain these records. Defendant's involvement in these transportation businesses is a major issue in this case. The jury will need to determine what type of involvement defendant had in these businesses. Accordingly, defendant's motion is **DENIED.**

15. *Defendant's motion to prohibit the government from mixing expert testimony and factual testimony*

Defendant asks the court to prohibit the government from impermissibly mixing factual and expert testimony. (DE # 68 at 6.) Defendant requests that there be a "sharp distinction between [the] fact and expert testimony" offered by any individual witness. (*Id.* (citing *United States v. Upton*, 512 F.3d 394, 401 (7th Cir. 2009).) A witness may provide both factual and expert testimony as long as the appropriate procedural precautions are taken. *United States v. Hurt,* 574 F.3d 439, 441 (7th Cir. 2009).

Defendant has not yet pointed to any specific instances in which an expert's dual testimony is likely to be prejudicial. Because of the abstract nature of this motion it is **DENIED.** At trial the court will take all necessary precautions to ensure that it is clear to a jury when an expert is providing opinion testimony as an expert and when the expert witness is testifying as to facts and how the jury should evaluate each type of testimony.

                                    **SO ORDERED.**

Date: March 26, 2010

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT